

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2009

# Washington v. Stickman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2044

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Washington v. Stickman" (2009). *2009 Decisions*. Paper 1496.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1496

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2044
_____

CHRIS WASHINGTON,
Appellant

v.

Supt. MR. STICKMAN, SCI-Greene; Deputy Supt. MR. STOWITZKY;
MAJOR CASNER; CAPTAIN COLEMAN; Security Lieutenant MR. BURNS;
MR. MATTHEWS, Hearing Examiner; Jearing Examiner MR. ANSELL;
DOE #1; Activites Manager MR. BRUNO
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 03-cv-00178)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2009
Before: SLOVITER, AMBRO and GREENBERG, Circuit Judges

(Opinion filed: April 23, 2009)

_____

OPINION
_____

PER CURIAM

Chris Washington appeals the District Court's order denying his motion to reopen

his case and for leave to file an amended or supplemental complaint.  Washington filed a

civil rights complaint against appellees in January 2003. He alleged, <u>inter</u> <u>alia</u>, that appellees had failed to protect him from an assault by another inmate. As relief, he requested damages as well as an injunction requiring the appellees to arrange for him to be evaluated for reconstructive surgery to repair the injuries to his face. The District Court denied appellees' motions to dismiss and for summary judgment with respect to the claim that appellees had failed to protect Washington from assault.

Before trial, the parties entered into a settlement agreement. The settlement agreement provided for Washington to receive $7500 in return for his settlement of the claim that appellees failed to protect him from the attack; this claim was referred to as the "primary action." The settlement agreement also noted that Washington claimed that he had not received adequate medical treatment for his injuries; this claim was referred to as the "equity action." The agreement provided that in order to settle the equity action, Washington would be seen by an ear, nose and throat specialist, Dr. Brodkin, for a second opinion on whether he needed further surgery. Appellees agreed to follow Dr. Brodkin's recommendations for further medical treatment. The parties agreed that Washington could reopen the equity action if he disagreed with the recommendation of Dr. Brodkin. The District Court administratively closed the case but retained jurisdiction to enforce the terms of the agreement.

Washington was seen by Dr. Brodkin, disagreed with her recommendation, and filed a motion to reopen the case. He also requested leave to file an amended

2

supplemental complaint. The District Court reviewed the medical reports from the specialists and found that additional surgery was not medically necessary. The District Court concluded that appellees were not required under the settlement to provide Washington with additional surgery. The District Court denied Washington's motions to reopen and to file an amended supplemental complaint, and Washington filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's interpretation of the settlement agreement. Flemming v. Air Sunshine, Inc., 311 F.3d 282, 289 (3d Cir. 2002). The settlement agreement clearly provides that "[i]f after such further consultation, Washington disagrees with Dr. Brodkin's diagnosis and decision or recommendation, then Washington may re-open the Equity Action only in Case No. 03-cv-0178." Washington disagreed with Dr. Brodkin's diagnosis, and we conclude that he is entitled to reopen the equity action pursuant to the terms of the settlement agreement.

Appellees argue that reopening would be futile because the claims are frivolous and the District Court would be required to dismiss them pursuant to 28 U.S.C. § 1915(e)(2)(B). However, the issue on appeal is whether the terms of the settlement agreement allow Washington to reopen the action if he disagrees with Dr. Brodkin's recommendations. Moreover, we note that the reopening provision would be rendered meaningless if reopening was denied based on the futility of an Eighth Amendment claim

3

for deliberate indifference to serious medical needs. Under appellees' reasoning, reopening is futile because surgery was not recommended, but Washington would presumably only move to reopen if surgery was not recommended.[1]

It is not clear to us what the parties intended in the event the equity action was reopened. Washington's requests for evaluation and reconstructive surgery were requests for relief and were not brought or developed as separate legal claims. Rather, they appear to have been tied to his primary claims that appellees were deliberately indifferent to his safety. Clearly, the District Court did not believe those claims were frivolous as it denied appellees' motion for summary judgment. It is not clear from the record whether the parties intended to reopen the matter and try the claims of failure to protect with the remedy being limited to the equitable relief or how they planned to proceed after reopening. We will leave it to the District Court to address, in the first instance, how to proceed upon reopening. We note that Washington argues in the alternative that the settlement agreement should be invalidated. We also leave this question for the District Court to determine in the first instance.

The District Court denied Washington's motion for leave to file an amended or supplemental complaint on the ground that the case was closed. Now that we have determined that Washington is entitled to have the case reopened, the District Court

---

[1] Washington asserts that he refused a settlement with a higher monetary payment that did not include the reopening provision.

should revisit its decision as to whether Washington should be allowed to amend or supplement his complaint.[2]

For the reasons above, we will reverse the District Court's order denying Washington's motion to reopen the case and vacate the order denying his motion to file an amended or supplemental complaint. We will remand the matter to the District Court for further proceedings.

---

[2] We note that Washington has contended that he is not being provided with the nasal spray recommended by the doctors. Dr. Brodkin recommended that Washington use Nasonex or Flonase nasal spray daily along with saline spray. Dr. Kirschner also believed that Washington's condition could be improved with an intranasal steroid. In response to a prison grievance Washington filed, a health care administrator opined that Washington did not need the nasal spray because he had no signs of infection. However, the settlement agreement provides that the Department of Corrections will follow the recommendations of Dr. Brodkin, and she recommended that Washington use a nasal spray daily.